# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SUSEL HERNANDEZ,**

    **Plaintiff,**

v.                                             **Case No. 8:24-cv-00890-MSS-SPF**

**FIRMO CONSTRUCTION, LLC,**

    **Defendant.**

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW

Defendant Firmo Construction, LLC ("Defendant"), by and through its undersigned attorneys, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, files this Motion to Dismiss Plaintiff's Complaint and Memorandum of Law, and states as follows:

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

1. On April 10, 2024, Plaintiff filed a six count Complaint and Demand for Jury Trial [Dkt. 1] against Defendant alleging discrimination based on sex or pregnancy and retaliation.

2. On April 17, 2024, Defendant received a Notice of a Lawsuit and Request to Waive Service of a Summons and a copy of the Complaint.

3. On April 19, 2024, Defendant through its counsel signed and returned a Waiver of the Service of Summons.

4. Based on Rules 4(d) and 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Defendant timely files this Motion to Dismiss.

5. The Court should dismiss with prejudice Plaintiff's Complaint in its entirety because it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

6. First, pursuant to Rule 12(b)(6), the Court should dismiss Plaintiff's Complaint because it is an impermissible shotgun pleading that does not comply with the pleading requirements of the Federal Rules of Civil Procedure.

7. Plaintiff's Complaint alleges "Factual Allegations" in paragraphs 17-61.

8. In paragraphs 62-138 of Plaintiff's Complaint, Plaintiff alleges six counts: Count I Sex Discrimination under Title VII (42 U.S.C. § 2000e-2); Count II Retaliation under Title VII (42 U.S.C. § 2000e-3); Count III

Discrimination under the Pregnancy Workers Fairness Act ("PWFA") (42 U.S.C. § 2000gg-1); Count IV Retaliation under the PWFA (42 U.S.C. § 2000gg-2(f)); Count V Sex Discrimination under the Florida Civil Rights Act ("FCRA") (§ 760.10(1), Fla. Stat.); and Count VI Retaliation under the FCRA (§ 760.10(7), Fla. Stat.); all of which are based upon the same "Factual Allegations" contained in paragraphs 17-61.

9. Discrimination and retaliation claims are distinct causes of action, arising pursuant to separate statutory subsections that do not share common elements of pleading or proof. Accordingly, the facts that allegedly support each of the alleged Counts should be pled or referenced within each Count so it can be determined what facts have been alleged to support a particular cause of action and whether sufficient facts have been pled to state a claim.

10. Here, Plaintiff's Complaint incorporates the full set of "Factual Allegations" into each Count and is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" which makes it virtually impossible to ascertain which alleged facts are

intended to support which claims and whether sufficient facts have to pled to state any claims.

11. Second, pursuant to Rule 12(b)(6), the Court should dismiss Counts II, IV, and VI of Plaintiff's Complaint because even if Defendant applied all the "Factual Allegations" and any additional ones alleged in the specific counts, Plaintiff did not allege factual bases to state a claim upon which relief can be granted.

12. In Counts II, IV, and VI, Plaintiff alleges the respective statutes that were allegedly violated prohibit retaliation against a person who has opposed a discriminatory practice, or who has participated in any investigation, proceeding, or hearing related to an unlawful discriminatory practice, but Plaintiff fails to allege any facts in those specific Counts or in the "Factual Allegations" incorporated therein that Plaintiff took any required opposition or participation actions. Therefore, those Counts fail to state claims upon which relief can be granted and should be dismissed.

WHEREFORE, based on the foregoing, Defendant respectfully moves this Court to dismiss the Complaint in its entirety.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### I. APPLICABLE LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a claim on the basis that the allegations do not state a claim upon which relief can be granted. When ruling on a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Accordingly, a plaintiff must allege sufficient facts that plausibly establish each element of the cause of action. Id.

Rule 8(a)(2) of Federal Rules of Civil Procedure requires a pleading that states a claim for relief must contain a "short and plain statement of the claim that shows that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). Complaints that violate Rule 8(a)(2) are often disparagingly referred to as "shotgun pleadings." Weiland, 792 F.3d at 1320. Such improper

complaints make it virtually impossible to know which allegations of fact are intended to support which claims for relief. Anderson v. District Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

For a plaintiff to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Berry v. Budget Rent A Car Sys., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S. Ct. 1955, 1965). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for her entitlement to relief and "a formulaic recitation of the elements of a cause of action will not do." Id. at 1364 (quoting Twombly, 127 S. Ct. at 1964-65). In evaluating the sufficiency of a complaint challenged in a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). However, the court should not assume that the

plaintiff can prove facts that were not alleged. Id. at 995. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## II. ARGUMENT

As discussion further herein, Plaintiff alleges that two federal statutes and one Florida statute were violated and under which she seeks relief. However, she fails to indicate which alleged facts are meant to support which of her claims and does not allege sufficient facts to support relief for her alleged retaliation claims under any of the cited statutes. Additionally, Plaintiff's Complaint is replete with factual allegations that appear to be irrelevant to any possible employment discrimination claims against Defendant. Accordingly, Plaintiff's Complaint falls far short of the requirements of Rule 8(a) of the Federal Rules of Civil Procedure and should be dismissed.

### A. Plaintiff's Complaint Should Be Dismissed Because it is a Shotgun Pleading

Plaintiff's Complaint is subject to dismissal because it is an impermissible shotgun pleading. "Shotgun pleadings violate Rule 8, which

requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by fail[ing] to one degree or another . . . to give the defendant[ ] adequate notice of the claims against [it] and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291 1294-95 (11th Cir. 2018) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2) and Weiland, 792 F.3d at 1323). The Eleventh Circuit has advised that "[e]xperience teaches us that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice. Weiland, 792 F.3d at 1321 n.9 (quoting Anderson, 77 F.3d at 367).

Further, the Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (iii) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief"; and (iv) a complaint that "assert[s] multiple claims against

multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1321-23.

Within these categories of impermissible shotgun complaints are those that incorporate by reference all factual allegations in each of the alleged counts. See Weiland, 792 F.3d at 1321-22 n.11-12 (citing, in part, Thompson v. RelationServe Media, Inc., 610 F.3d 628, 650 n.22 (11th Cir. 2010) (Tjoflat, J., concurring in the appeal, No. 07-13225, and dissenting in the cross-appeal, No. 07-13477) (finding "a typical 'shotgun' pleading" where "each count incorporated by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the claim, or cause of action, appearing in the count's heading); Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) ("Each count incorporates by reference the allegations made in a section entitled 'General Factual Allegations' – which comprises 146 numbered paragraphs – while also incorporating the allegations of any count or counts that precede it"); Johnson v. City of Fort Lauderdale, 126 F.3d 1372, 1376 n.4 (11th Cir. 1997) (finding that a complaint was a shotgun pleading where "each of

the complaint's nine counts incorporates <u>all</u> of the factual allegations of earlier counts)); <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905 (11th Cir. 1996) (complaint that incorporates all factual allegations into each claim is "framed in complete disregard of the principle that separate causes of action should be pled in separate counts" and should be dismissed).

Complaints that incorporate by reference all factual allegations in each of the alleged counts or are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action make the reader speculate as to which factual allegations pertain to which count, violate the Federal Rules of Civil Procedure, and are subject to dismissal. <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997); <u>Pelletier v. Zweifel</u>, 921 F.2d 1465, 1518 (11th Cir. 1991).

In paragraphs 62-138 of Plaintiff's Complaint, Plaintiff alleges six counts: Count I Sex Discrimination under Title VII (42 U.S.C. § 2000e-2); Count II Retaliation under Title VII (42 U.S.C. § 2000e-3); Count III Discrimination under the PWFA (42 U.S.C. § 2000gg-1); Count IV Retaliation under the PWFA (42 U.S.C. § 2000gg-2(f)); Count V Sex

Discrimination under the FCRA (§ 760.10(1), Fla. Stat.); and Count VI Retaliation under the FCRA (§ 760.10(7), Fla. Stat.).

Plaintiff's Complaint is a shotgun pleading because in each of its six counts it incorporates by reference the allegations made in a section entitled "Factual Allegations" -- which comprises 45 numbered paragraphs (paragraph 17-61) -- and is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."

Discrimination and retaliation claims are distinct causes of action, arising pursuant to separate statutory subsections that do not share common elements of pleading or proof. Accordingly, the facts that allegedly support each of the alleged Counts should be pled or referenced within each Count so it can be determined what facts have been alleged to support a particular cause of action and whether sufficient facts have been pled to state a claim. By Plaintiff's incorporation of the full set of "Factual Allegations" into each Count and inclusion of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action, it is virtually impossible to ascertain which alleged facts are intended to support which claims and whether sufficient facts have been pled to state

any of the claims in those Counts. Therefore, Plaintiff's Complaint should be dismissed in its entirety.

### B. Plaintiff's Retaliation Counts II, IV, and VI Should Be Dismissed for Failing to Sufficiently Allege Facts to Support a Claim

Plaintiff also fails to state claims of retaliation under Title VII, the FCRA, or the PWFA. In order to state a prima facie case of retaliation, Plaintiff must allege "that (1) she engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities." Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 959 (11th Cir. 1997) (citation omitted). An employee has engaged in activity protected by Title VII, the FCRA, or the PWFA if she has either (1) opposed any practice made unlawful by those statutes or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under those statutes. 42 U.S.C. §§ 2000e-3(a), 2000gg-2(f)(1); § 760.10(7), Fla. Stat. Although Plaintiff avers in Counts II, IV, and VI that she was retaliated against for engaging in protected activity, Plaintiff's Complaint fails to specifically identify any activity protected by the applicable cited statute. Specifically

she avers that she engaged in protected activity when she informed Defendant of her pregnancy and exercised maternity leave benefits that Defendant voluntarily offers to its employees pursuant to its parental leave program policy.[1] However, such alleged actions are not activities protected by Title VII, the FCRA, or the PWFA and cannot be a basis for liability under those statutes. Therefore, Counts II, IV, and VI should be dismissed for failure to allege sufficient facts to state a retaliation claim.

### III. LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that she has conferred with counsel for the opposing party on June 17, 2024, by telephone and email, in a good faith effort to resolve this motion, but the parties did not agree on a resolution.

### IV. CONCLUSION

For the reasons discussed above, Plaintiff's Complaint against Defendant should be dismissed for failure to a state claim upon which relief can be granted.

---

[1] Defendant is not covered by the Family Medical Leave Act and, contrary to Plaintiff's Civil Cover Sheet, no claim under that statute is alleged nor allowed.

Respectfully submitted this 17th day of June, 2024.

                                             */s/ Gail E. Farb* _____
Gail E. Farb
Florida Bar No. 0619191
gfarb@williamsparker.com
WILLIAMS PARKER HARRISON
 DIETZ & GETZEN
50 Central Avenue
Eighth Floor
Sarasota, Florida  34236
Telephone:  941-366-4800
Facsimile:  941-954-3172

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of June, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Plaintiff's Counsel: Kyle T. MacDonald at kyle@dereksmithlaw.com.

                                           */s/ Gail E. Farb*
Gail E. Farb
Florida Bar No. 0619191
gfarb@williamsparker.com
WILLIAMS PARKER HARRISON
 DIETZ & GETZEN
50 Central Avenue
Eighth Floor
Sarasota, Florida  34236
Telephone:  941-366-4800
Facsimile:  941-954-3172

8540092.v1