## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SUSEL HERNANDEZ,**

     **Plaintiff,**

**v.**                      **Case No. 8:24-cv-00890-MSS-SPF**

**FIRMO CONSTRUCTION, LLC,**

     **Defendant.**

_____/

## DEFENDANT'S ANSWER, GENERAL DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Firmo Construction, LLC ("Defendant"), by and through its undersigned attorneys, hereby submits its Answer, General Defenses, and Affirmative Defenses to Plaintiff's First Amended Complaint, and states as follows:

### INTRODUCTION

1.    Defendant admits Plaintiff was a female employee who was pregnant for a period, but denies the remaining allegations and contained in paragraph 1 of the Amended Complaint.

2.     Defendant admits that Plaintiff purports to bring an action relief for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); the Pregnant Workers Fairness Act, 42 U.S.C. 2000gg ("PWFA"); and the Florida Civil Rights Act of 1992 ("FCRA"), but denies any liability or that Plaintiff has any valid claim for relief.

## PARTIES

3.     Defendant admits the allegations contained in paragraph 3 of the Amended Complaint.

4.     Defendant admits the allegations contained in paragraph 4 of the Amended Complaint.

5.     Defendant admits Plaintiff was employed by Defendant for a period, but denies the remaining allegations contained in paragraph 5 of the Amended Complaint.

6.     Defendant admits it has employed at least the statutory minimum number of employees under Title VII, the PWFA, and the FCRA, but denies the remaining allegations as stated and contained in paragraph 6 of the Amended Complaint.

7.    Defendant admits the allegations contained in paragraph 7 of the Amended Complaint.

8.    Defendant admits the allegations contained in paragraph 8 of the Amended Complaint.

9.    Defendant admits Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000gg(3), but denies the remaining allegations as stated and contained in paragraph 9 of the Amended Complaint.

10.   Defendant admits the allegations contained in paragraph 10 of the Amended Complaint.

## JURISDICTION AND VENUE

11.   Defendant admits this Court has jurisdiction over the alleged claims, but denies any liability.

12.   Defendant admits venue is appropriate, but deny the events occurred as alleged or any liability.

## ADMINISTRATIVE PREREQUISITES

13.   Defendant admits the allegations contained in paragraph 13 of the Amended Complaint.

14.   Defendant admits the allegations contained in paragraph 14 of the Amended Complaint.

15.   Defendant admits the allegations contained in paragraph 15 of the Amended Complaint.

16.   Defendant admits the allegations contained in paragraph 16 of the Amended Complaint.

## **FACTUAL ALLEGATIONS**

17.   Defendant admits that on or around January 27, 2021, Plaintiff was hired by Defendant as a part-time Bookkeeper, but denies the remaining allegations contained in paragraph 17 of the Amended Complaint.

18.   Defendant admits that Plaintiff received more than one pay raise during her employment with Defendant, but denies the remaining allegations as stated and contained in paragraph 18 of the Amended Complaint.

19.   Defendant admits the allegations contained in paragraph 19 of the Amended Complaint.

20.   Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.

21.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22.   Defendant admits the allegations contained in paragraph 22 of the Amended Complaint.

23.   Defendant admits the allegations contained in paragraph 23 of the Amended Complaint.

24.   Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

25.   Defendant admits in February and March 2023, Defendant granted Plaintiff's requests for pregnancy-related accommodations, which at the time, seemed like positive news to Plaintiff, but denies the remaining allegations contained in paragraph 25 of the Amended Complaint.

26.   Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27.   Defendant admits the allegations contained in paragraph 27 of the Amended Complaint.

28.   Defendant admits the allegations contained in paragraph 28 of the Amended Complaint.

29.   Defendant admits the allegations contained in paragraph 29 of the Amended Complaint.

30.   Defendant admits the allegations contained in paragraph 30 of the Amended Complaint.

31.   Defendant admits that on July 10, 2023, Plaintiff spoke with Ladd via telephone to request an accommodation based on Plaintiff's inability to find daycare for her baby, but denies the remaining allegations as stated and contained in paragraph 31 of the Amended Complaint.

32.   Defendant admits that Plaintiff asked if after her paid leave ended she could work at home or bring her baby to work every day because she had been unable to secure daycare, but denies the remaining allegations as stated and contained in paragraph 32 of the Amended Complaint.

33.   Defendant admits that Ladd said she would relay Plaintiff's request to Maegan Ochoa, but denies the remaining allegations as stated and contained in paragraph 33 of the Amended Complaint.

34.   Defendant admits the allegations contained in paragraph 34 of the Amended Complaint.

35.   Defendant admits the allegations contained in paragraph 35 of the Amended Complaint.

36.   Defendant admits the allegations contained in paragraph 36 of the Amended Complaint.

37.   Defendant denies the allegations as stated and contained in paragraph 37 of the Amended Complaint.

38.   Defendant admits briefly asking Plaintiff about her child, but denies the remaining allegations as stated and contained in paragraph 38 of the Amended Complaint.

39.   Defendant admits the allegations as stated and contained in paragraph 39 of the Amended Complaint.

40.   Defendant admits the allegations contained in paragraph 40 of the Amended Complaint.

41.   Defendant admits the allegations as stated and contained in paragraph 41 of the Amended Complaint.

42.    Defendant admits Plaintiff was informed that her employment was being terminated, but denies the remaining allegations as stated and contained in paragraph 42 of the Amended Complaint.

43.    Defendant admits that Plaintiff appeared upset at the news of the termination of her employment, but denies the remaining allegations contained in paragraph 43 of the Amended Complaint.

44.    Defendant denies the allegations as stated and contained in paragraph 44 of the Amended Complaint.

45.    Defendant denies the allegations as stated and contained in paragraph 45 of the Amended Complaint.

46.    Defendant admits the allegations contained in paragraph 46 of the Amended Complaint.

47.    Defendant denies the allegations as stated and contained in paragraph 47 of the Amended Complaint.

48.    Defendant admits the allegations contained in paragraph 48 of the Amended Complaint.

49.   Defendant admits it offered Plaintiff a separation agreement that included severance pay and a release of claims, but denies the remaining allegations as stated and contained in paragraph 49 of the Amended Complaint.

50.   Defendant admits the allegations contained in paragraph 50 of the Amended Complaint.

51.   Defendant denies the allegations contained in paragraph 51 of the Amended Complaint.

52.   Defendant denies the allegations contained in paragraph 52 of the Amended Complaint.

53.   Defendant denies the allegations contained in paragraph 53 of the Amended Complaint.

54.   Defendant denies the allegations contained in paragraph 54 of the Amended Complaint.

55.    Defendant denies the allegations contained in paragraph 55 of the Amended Complaint.

56.   Defendant admits that Plaintiff purports to allege claims under a continuing violations doctrine, but denies any liability or that Plaintiff has any valid claim for relief.

57.   Defendant denies the allegations contained in paragraph 57 of the Amended Complaint.

58.   Defendant denies the allegations contained in paragraph 58 of the Amended Complaint.

59.   Defendant denies the allegations contained in paragraph 59 of the Amended Complaint.

60.   Defendant denies the allegations contained in paragraph 60 of the Amended Complaint.

61.   Defendant denies the allegations contained in paragraph 61 of the Amended Complaint.

62.   Defendant denies the allegations contained in paragraph 62 of the Amended Complaint.

**CAUSES OF ACTION**

**COUNT I**
**42 U.S.C. § 2000e-2**
*Alleged Sex Discrimination*

63.   Defendant hereby incorporates by reference its responses to paragraphs 17-62 above, as if fully set forth herein.

64. Defendant denies the allegations as stated and contained in paragraph 64 of the Amended Complaint.

65. Defendant admits the allegations contained in paragraph 65 of the Amended Complaint.

66. Defendant denies the allegations as stated and contained in paragraph 66 of the Amended Complaint.

67. Defendant admits the allegations contained in paragraph 67 of the Amended Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Amended Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Amended Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Amended Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Amended Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Amended Complaint.

73.    Defendant denies the allegations contained in paragraph 73 of the Amended Complaint. Plaintiff's demand contained in paragraph 73 requires no response from Defendant. To the extent a response is deemed required, Defendant denies the demand.

74.    Defendant denies the allegations contained in paragraph 74 of the Amended Complaint.

75.    Defendant denies the allegations contained in paragraph 75 of the Amended Complaint.

76.    Plaintiff's request in paragraph 76 of the Amended Complaint requires no response from Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 76 of the Amended Complaint.

## COUNT II
### 42 U.S.C. § 2000gg-1
#### *Alleged PWFA Discrimination*

77.    Defendant hereby incorporates by reference its responses to paragraphs 17-62 above, as if fully set forth herein.

78.    Defendant admits the allegations contained in paragraph 78 of the Amended Complaint, but denies any liability.

79. Defendant denies the allegations as stated and contained in paragraph 79 of the Amended Complaint.

80. Defendant denies the allegations as stated and contained in paragraph 80 of the Amended Complaint.

81. Defendant denies the allegations contained in paragraph 81 of the Amended Complaint.

82. Defendant denies the allegations as stated and contained in paragraph 82 of the Amended Complaint.

83. Defendant denies the allegations contained in paragraph 83 of the Amended Complaint.

84. Defendant denies the allegations contained in paragraph 84 of the Amended Complaint.

85. Defendant denies the allegations contained in paragraph 85 of the Amended Complaint.

86. Defendant denies the allegations contained in paragraph 86 of the Amended Complaint. Plaintiff's demand contained in paragraph 86 requires no response from Defendant. To the extent a response is deemed required, Defendant denies the demand.

87.   Defendant denies the allegations contained in paragraph 87 of the Amended Complaint.

88.   Defendant denies the allegations contained in paragraph 88 of the Amended Complaint.

89.   Plaintiff's request in paragraph 89 of the Amended Complaint requires no response from Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 89 of the Amended Complaint.

## COUNT III
## 42 U.S.C. § 2000gg-2
### *Alleged PWFA Interference*

90.   Defendant hereby incorporates by reference its responses to paragraphs 17-62 above, as if fully set forth herein.

91.   Defendant admits the allegations contained in paragraph 91 of the Amended Complaint.

92.   Defendant denies the allegations contained in paragraph 92 of the Amended Complaint.

93.   Defendant denies the allegations contained in paragraph 93 of the Amended Complaint.

94.   Defendant denies the allegations contained in paragraph 94 of the Amended Complaint.

95.   Defendant denies the allegations contained in paragraph 95 of the Amended Complaint.

96.   Defendant denies the allegations contained in paragraph 96 of the Amended Complaint. Plaintiff's demand contained in paragraph 96 requires no response from Defendant. To the extent a response is deemed required, Defendant denies the demand.

97.   Defendant denies the allegations contained in paragraph 97 of the Amended Complaint.

98.   Defendant denies the allegations contained in paragraph 98 of the Amended Complaint.

99.   Plaintiff's request in paragraph 99 of the Amended Complaint requires no response from Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 99 of the Amended Complaint.

## COUNT IV
## 42 U.S.C. §§ 2000gg-1, 2000gg-2
### *Alleged PWFA Retaliation*

100. Defendant hereby incorporates by reference its responses to paragraphs 17-62 above, as if fully set forth herein.

101. Defendant denies the allegations as stated and contained in paragraph 101 of the Amended Complaint.

102. Defendant denies the allegations as stated and contained in paragraph 102 of the Amended Complaint.

103. Defendant denies the allegations contained in paragraph 103 of the Amended Complaint.

104. Defendant denies the allegations contained in paragraph 104 of the Amended Complaint.

105. Defendant denies the allegations contained in paragraph 105 of the Amended Complaint.

106. Defendant denies the allegations contained in paragraph 106 of the Amended Complaint.

107. Defendant denies the allegations contained in paragraph 107 of the Amended Complaint.

108. Defendant denies the allegations contained in paragraph 108 of the Amended Complaint.

109. Defendant denies the allegations contained in paragraph 109 of the Amended Complaint.

110. Defendant denies the allegations contained in paragraph 110 of the Amended Complaint. Plaintiff's demand contained in paragraph 110 requires no response from Defendant. To the extent a response is deemed required, Defendant denies the demand.

111. Defendant denies the allegations contained in paragraph 111 of the Amended Complaint.

112. Defendant denies the allegations contained in paragraph 112 of the Amended Complaint. Plaintiff's request contained in paragraph 112 requires no response from Defendant. To the extent a response is deemed required, Defendant denies the request.

**COUNT V**
**§ 760.10(1), Fla. Stat.**
*Alleged Sex Discrimination*

113. Defendant hereby incorporates by reference its responses to paragraphs 17-62 above, as if fully set forth herein.

114. Defendant admits the allegations contained in paragraph 114 of the Amended Complaint.

115. Defendant admits the allegations contained in paragraph 115 of the Amended Complaint.

116. Defendant denies the allegations contained in paragraph 116 of the Amended Complaint.

117. Defendant admits the allegations contained in paragraph 117 of the Amended Complaint.

118. Defendant denies the allegations contained in paragraph 118 of the Amended Complaint.

119. Defendant denies the allegations contained in paragraph 119 of the Amended Complaint.

120. Defendant denies the allegations contained in paragraph 120 of the Amended Complaint.

121. Defendant denies the allegations contained in paragraph 121 of the Amended Complaint.

122. Defendant denies the allegations contained in paragraph 122 of the Amended Complaint. Plaintiff's demand contained in paragraph 122 requires no

response from Defendant. To the extent a response is deemed required, Defendant denies the demand.

123.   Defendant denies the allegations contained in paragraph 123 of the Amended Complaint.

124. Plaintiff's request contained in paragraph 124 requires no response from Defendant. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 124 of the Amended Complaint.

## **JURY DEMAND**

125.  Defendant admits Plaintiff purports to demand a jury trial on all issues to be tried.

## **DEFENDANT'S GENERAL AND AFFIRMATIVE DEFENSES**

*General Defenses to Count I*

1.    Plaintiff cannot establish a *prima facie* case of sex discrimination as she cannot show that she was treated less favorably than similarly situated male employees.

2.    Plaintiff cannot establish a *prima facie* case of sex discrimination as she cannot show that she was treated less favorably than similarly situated non-pregnant employees.

3.    Plaintiff cannot establish a *prima facie* case of sex discrimination as she cannot show Defendant failed to reasonably accommodate her pregnancy-related accommodation requests.

4.    Plaintiff cannot establish a *prima facie* case of sex discrimination as she cannot show that there was a causal connection between her protected class and the asserted adverse employment actions.

5.    Plaintiff cannot establish a *prima facie* case of sex discrimination as she cannot show her protected class was a motivating factor for any alleged discriminatory conduct by Defendant.

6.    To the extent Plaintiff can establish a *prima facie* case of sex discrimination, Plaintiff cannot show Defendant's legitimate, non-discriminatory reasons for the alleged employment action were a pretext for discrimination.

7.    To the extent she is seeking punitive damages, Plaintiff fails to state a claim for punitive damages because the allegations do not rise to the requisite standard for punitive damages under Title VII as Defendant neither knew its actions would violate the statute, nor did Defendant engage in a discriminatory practice with malice or with reckless indifference to Plaintiff's protected rights.

8.     To the extent Plaintiff is seeking front pay, Plaintiff fails to state a claim for front pay because Plaintiff cannot establish egregious circumstances that would warrant an award of front pay.

*Affirmative Defenses to Count I*

9.     Without altering the applicable burdens of proof and production, to the extent Plaintiff is able to establish a *prima facie* case of sex discrimination, Defendant is able to produce one or more legitimate, non-discriminatory reasons for the termination of Plaintiff's employment: Plaintiff's poor performance such as failure to perform credit card reconciliation for 2022 or 2023, failing to file stacks of papers for at least a year, and several other performance deficiencies noted prior to and during her maternity leave.

10.    All employment actions taken by Defendant toward Plaintiff were undertaken in good faith. To the extent Plaintiff establishes that an agent or employee of Defendant engaged in alleged unlawful conduct, such actions are contrary to Defendant's good faith efforts to comply with the law.

11.    To the extent Plaintiff has failed to make good faith, reasonable efforts to mitigate her damages, she is not entitled to damages related to backpay or

benefits. Defendant is entitled to an offset against any backpay and benefits damages assessed against it in the amount of the mitigation.

12.    Pursuant to any applicable statutory provisions, Rule of Procedure or common law, Defendant is entitled to its reasonable attorney's fees and costs against Plaintiff because Plaintiff's claims are wholly without merit as known to Plaintiff prior to bringing this lawsuit.

<u>General Defenses to Count II</u>

13.    Plaintiff cannot establish a *prima facie* case of PWFA discrimination as she had no known limitations related to her pregnancy after the PWFA's effective date as none were communicated to Defendant.

14.    Plaintiff cannot establish a *prima facie* case of PWFA discrimination as she had no known limitations related to childbirth after the PWFA's effective date as none were communicated to Defendant.

15.    Plaintiff cannot establish a *prima facie* case of PWFA discrimination as Plaintiff cannot show that Defendant failed to provide reasonable accommodation to a known physical or mental condition related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions. After the PWFA's effective date, Plaintiff had no known physical or mental condition related to, affected by,

-22-

or arising out of pregnancy, childbirth, or related medical condition to support a request for accommodation.

16.    Plaintiff cannot establish a *prima facie* case of PWFA discrimination as Plaintiff cannot show that Defendant failed to provide reasonable accommodation to a known physical or mental condition related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions. After the PWFA's effective date, Plaintiff did not request a reasonable accommodation for a known physical or mental condition related to, affected by, or arising out of pregnancy, childbirth, or related medical condition to support a request for accommodation. After the PWFA became effective, Plaintiff's only request for accommodation was based on her inability to secure daycare to start after her maternity leave.

17.    Plaintiff cannot establish a *prima facie* case of PWFA discrimination as Plaintiff cannot show that Defendant failed to engage in an interactive process regarding Plaintiff's alleged requested accommodation. After the PWFA's effective date, Plaintiff did not request a reasonable accommodation for a known physical or mental condition related to, affected by, or arising out of pregnancy, childbirth, or related medical condition to support a request for accommodation. After the PWFA became effective, Plaintiff's only request for accommodation was

based on her inability to secure daycare to start after her maternity leave, which she promptly withdrew while on maternity leave and before Defendant had completed its evaluation of her request.

18.    Plaintiff cannot establish a *prima facie* case of PWFA discrimination as Plaintiff cannot show that Defendant forced Plaintiff to accept accommodations not arrived at through an interactive process. After the PWFA's effective date, Plaintiff did not request a reasonable accommodation for a known physical or mental condition related to, affected by, or arising out of pregnancy, childbirth, or related medical condition to support a request for accommodation. After the PWFA became effective, Plaintiff's only request for accommodation was based on her inability to secure daycare to start after her maternity leave, which she promptly withdrew while on maternity leave and before Defendant had completed its evaluation of her request.

19.    Plaintiff cannot establish a *prima facie* case of PWFA discrimination as Plaintiff cannot show that Defendant forced Plaintiff to take leave when there were other reasonable accommodations available. Plaintiff's maternity leave was taken pursuant to company policy as offered by Defendant pursuant to a consistently applied policy and begun by Plaintiff on May 29, 2023, prior to the effective date

of the PWFA. After the PWFA's effective date, Plaintiff did not request a reasonable accommodation for a known physical or mental condition related to, affected by, or arising out of pregnancy, childbirth, or related medical condition to support a request for accommodation. After the PWFA became effective, Plaintiff's only request for accommodation was based on her inability to secure daycare to start after her maternity leave, which she promptly withdrew while on maternity leave and before Defendant had completed its evaluation of her request.

20.   Plaintiff cannot establish a *prima facie* case of PWFA discrimination as Plaintiff failed to identify a similarly situated male employee who was treated more favorably.

21.   Plaintiff cannot establish a *prima facie* case of PWFA discrimination as Plaintiff failed to identify a similarly situated non-pregnant employee who was treated more favorably.

22.   Plaintiff cannot establish a *prima facie* case of PWFA discrimination as she cannot show that there was a causal connection between any request for or use of a reasonable accommodation to any known limitations related to her pregnancy, childbirth, or related medical conditions and asserted adverse employment actions.

23.   Plaintiff cannot establish a *prima facie* case of PWFA discrimination as she cannot show any request for or use of a reasonable accommodation to any known limitations related to her pregnancy, childbirth, or related medical conditions was a motivating factor for any alleged discriminatory conduct by Defendant.

24.   To the extent Plaintiff can establish a *prima facie* case of PWFA discrimination, Plaintiff cannot show that Defendant's legitimate, non-discriminatory reasons for the alleged employment actions were a pretext for discrimination.

25.   To the extent Plaintiff is seeking punitive damages, Plaintiff fails to state a claim for punitive damages because the allegations do not rise to the requisite standard for punitive damages under the PWFA as Defendant neither knew its actions would violate the statute, nor did Defendant engage in a discriminatory practice with malice or with reckless indifference to Plaintiff's protected rights.

26.   To the extent Plaintiff is seeking front pay, Plaintiff fails to state a claim for front pay because Plaintiff cannot establish egregious circumstances that would warrant an award of front pay.

<u>*Affirmative Defenses to Count II*</u>

27.   Without altering the applicable burdens of proof and production, to the extent Plaintiff is able to establish a *prima facie* case of PWFA discrimination, Defendant is able to produce one or more legitimate, non-discriminatory reasons for the challenged employment actions: Plaintiff's poor performance, such as failure to perform credit card reconciliation for 2022 or 2023, failing to file stacks of papers for at least a year, and several other performance deficiencies noted prior to and during her maternity leave.

28.   All employment actions taken by Defendant toward Plaintiff were undertaken in good faith. To the extent Plaintiff establishes that an agent or employee of Defendant engaged in alleged unlawful conduct, such actions are contrary to Defendant's good faith efforts to comply with the law.

29.   To the extent Plaintiff has failed to make good faith, reasonable efforts to mitigate her damages, Plaintiff is not entitled to damages related to backpay or benefits. Defendant is entitled to an offset against any backpay and benefits damages assessed against it in the amount of the mitigation.

30.   Pursuant to any applicable statutory provisions, Rule of Procedure or common law, Defendant is entitled to its reasonable attorney's fees and costs

against Plaintiff because Plaintiff's claims are wholly without merit as known to Plaintiff prior to bringing this lawsuit

*General Defenses to Count III*

31.   Plaintiff was not protected under the PWFA during her pregnancy, because the PWFA was not effective until after she had delivered her baby.

32.   To the extent Plaintiff argues she had physical conditions related to, affected by, or arising out of her pregnancy and communicated them to Defendant while she was pregnant and sought reasonable accommodation therefor during her pregnancy, including working remotely, Defendant granted such requests for accommodation.

33.   Plaintiff cannot establish a *prima facie* case of interference as Plaintiff cannot show that Defendant coerced or interfered with Plaintiff's exercise of or on account of Plaintiff exercising any rights protected by the PWFA. Plaintiff's maternity leave was taken pursuant to company policy as offered by Defendant pursuant to consistently applied policy and begun by Plaintiff on May 29, 2023, prior to the PWFA's effective date.

34.   Plaintiff cannot establish a *prima facie* case of interference as Plaintiff cannot show that Defendant coerced or interfered with Plaintiff's exercise of or on

account of Plaintiff exercising any rights protected by the PWFA. After the PWFA's effective date, Plaintiff had no known physical or mental condition related to, affected by, or arising out of pregnancy, childbirth, or related medical condition to support a request for accommodation.

35.   Plaintiff cannot establish a *prima facie* case of interference as Plaintiff cannot show that Defendant coerced or interfered with Plaintiff's exercise of or on account of Plaintiff exercising any rights protected by the PWFA. After the PWFA's effective date, Plaintiff did not request a reasonable accommodation for a known physical or mental condition related to, affected by, or arising out of pregnancy, childbirth, or related medical condition to support a request for accommodation.

36.   Plaintiff cannot establish a *prima facie* case of interference as Plaintiff cannot show that Defendant coerced or interfered with Plaintiff's exercise of or on account of Plaintiff exercising any rights protected by the PWFA. After the PWFA's effective date, Plaintiff's only request for accommodation was based on her inability to secure daycare to start after her maternity leave, which she promptly withdrew while on maternity leave after she allegedly secured daycare and before Defendant has completed its evaluation of her request.

37.   Plaintiff cannot establish a *prima facie* case of interference as Plaintiff cannot show that Defendant required Plaintiff to perform work during her maternity leave, particularly after the PWFA's effective date. Plaintiff volunteered to take one action and did so without seeking permission to do it.

38.   Plaintiff cannot establish a *prima facie* case of interference as Plaintiff cannot show that Defendant deliberately targeted Plaintiff by subjecting her to allegedly unjustified and harsh scrutiny in the performance of her job. In addition to learning about Plaintiff's performance deficiencies including while working remotely prior to her maternity leave, Defendant discovered significant deficiencies by Plaintiff while she was on maternity leave, such as incomplete bank reconciliations, failing to file stacks of papers for at least a year, bills not marked or posted accordingly, accounts receivable not updated or posted timely, and wire transfers not posted or marked accordingly.

39.   Plaintiff cannot establish a *prima facie* case of PWFA interference as she cannot show that there was a causal connection between any request for or use of a reasonable accommodation to any known limitations related to her pregnancy, childbirth, or related medical conditions and asserted adverse employment actions, including scrutiny of her job performance.

40.    Plaintiff cannot establish a *prima facie* case of PWFA interference as she cannot show her request for or use of a reasonable accommodation to any known limitations related to her pregnancy, childbirth, or related medical conditions was a motivating factor for any alleged discriminatory conduct by Defendant.

41.    Plaintiff cannot establish a *prima facie* case of interference as Plaintiff cannot show that Defendant manufactured non-existent or exaggerated performance deficiencies to undermine Plaintiff's employment. Defendant discovered significant deficiencies by Plaintiff while she was working remotely and on maternity leave, such as incomplete bank reconciliations, failing to file stacks of papers for at least a year, bills not marked or posted accordingly, accounts receivable not updated or posted timely, and wire transfers not posted or marked accordingly.

42.    Plaintiff cannot establish a *prima facie* case of interference as Plaintiff cannot show that Defendant had employment policies in place that limited or prohibited Plaintiff's rights under the PWFA.

43.    To the extent Plaintiff is seeking punitive damages, Plaintiff fails to state a claim for punitive damages because the allegations do not rise to the requisite standard for punitive damages under the PWFA as Defendant neither

knew its actions would violate the statute, nor did Defendant engage in interference with malice or with reckless indifference to Plaintiff's protected rights.

44.   To the extent Plaintiff is seeking front pay, Plaintiff fails to state a claim for front pay because Plaintiff cannot establish egregious circumstances that would warrant an award of front pay.

*Affirmative Defenses to Count III*

45.   Without altering the applicable burdens of proof and production, to the extent Plaintiff is able to establish a *prima facie* case of PWFA interference, Defendant is able to produce one or more legitimate, non-retaliatory reasons for the challenged employment actions: Plaintiff's poor performance, such as failure to perform credit card reconciliation for 2022 or 2023, failing to file stacks of papers for at least a year, and several other performance deficiencies noted prior to and during her maternity leave.

46.   All employment actions taken by Defendant toward Plaintiff were undertaken in good faith. To the extent Plaintiff establishes that an agent or employee of Defendant engaged in alleged unlawful conduct, such actions are contrary to Defendant's good faith efforts to comply with the law.

47.    To the extent Plaintiff has failed to make good faith, reasonable efforts to mitigate her damages, Plaintiff is not entitled to damages related to backpay or benefits. Defendant is entitled to an offset against any backpay and benefits damages assessed against it in the amount of the mitigation.

48.    Pursuant to any applicable statutory provisions, Rule of Procedure or common law, Defendant is entitled to its reasonable attorney's fees and costs against Plaintiff because Plaintiff's claims are wholly without merit as known to Plaintiff prior to bringing this lawsuit.

_General Defenses to Count IV_

49.    Plaintiff cannot establish a *prima facie* case of retaliation as Plaintiff cannot show that Plaintiff opposed a practice or act made unlawful by the PWFA, or participated in any investigation, proceeding, or hearing under the PWFA.

50.    To the extent Plaintiff alleges taking adverse action in terms, conditions, or privileges of employment against an employee on account of the employee's requesting or using a reasonable accommodation for known limitations would be unlawful retaliation under the PWFA, she fails to state a retaliation claim for relief that can be granted pursuant to PWFA's retaliation provisions cited in 42 U.S.C. § 2000gg-2(f)(1).

51.   Defendant did not take any adverse action in terms, conditions, or privileges of employment against Plaintiff on account of Plaintiff's requesting or using a reasonable accommodation for known limitations as that term is defined by the PWFA.

52.   Plaintiff cannot establish a *prima facie* case of PWFA retaliation as she had no known limitations related to her pregnancy after the PWFA's effective date as none were communicated to Defendant.

53.   Plaintiff cannot establish a *prima facie* case of PWFA retaliation as she had no known limitations related to childbirth after the PWFA's effective date as none were communicated to Defendant.

54.   Plaintiff cannot establish a *prima facie* case of PWFA retaliation because after the PWFA's effective date, Plaintiff did not request a reasonable accommodation for a known physical or mental condition related to, affected by, or arising out of pregnancy, childbirth, or related medical condition to support a request for accommodation. After the PWFA became effective, Plaintiff's only request for accommodation was based on her inability to secure daycare to start after her maternity leave.

55.    Plaintiff cannot establish a *prima facie* case of PWFA retaliation because after the PWFA's effective date, Plaintiff did not assert any rights protected by the PWFA.

56.    Plaintiff cannot establish a *prima facie* case of interference as Defendant did not deliberately target Plaintiff by subjecting her to allegedly unjustified and harsh scrutiny in the performance of her job. In addition to learning about Plaintiff's performance deficiencies including while working remotely prior to her maternity leave, Defendant discovered significant deficiencies by Plaintiff while she was on maternity leave, such as incomplete bank reconciliations, failing to file stacks of papers for at least a year, bills not marked or posted accordingly, accounts receivable not updated or posted timely, and wire transfers not posted or marked accordingly.

57.    Plaintiff cannot establish a *prima facie* case of interference as Plaintiff cannot show that Defendant manufactured non-existent or exaggerated performance deficiencies to undermine Plaintiff's employment. Defendant discovered significant deficiencies by Plaintiff while she was working remotely and on maternity leave, such as incomplete bank reconciliations, failing to file stacks of papers for at least a year, bills not marked or posted accordingly, accounts

receivable not updated or posted timely, and wire transfers not posted or marked accordingly.

58.   Plaintiff cannot establish a *prima facie* case of retaliation as Plaintiff cannot show that there is a causal connection between any alleged protected activity and the asserted adverse employment actions.

59.   To the extent Plaintiff can establish a *prima facie* case of retaliation, Plaintiff cannot show that Defendant's legitimate, non-retaliatory reasons for the alleged employment actions were a pretext for retaliation.

60.   To the extent Plaintiff is seeking punitive damages, Plaintiff fails to state a claim for punitive damages because the allegations do not rise to the requisite standard for punitive damages under the PWFA as Defendant neither knew its actions would violate the statute, nor did Defendant engage in a retaliatory practice with malice or with reckless indifference to Plaintiff's protected rights.

61.   To the extent Plaintiff is seeking front pay, Plaintiff fails to state a claim for front pay because Plaintiff cannot establish egregious circumstances that would warrant an award of front pay.

*Affirmative Defenses to Count IV*

62.    Without altering the applicable burdens of proof and production, to the extent Plaintiff is able to establish a *prima facie* case of PWFA retaliation, Defendant is able to produce one or more legitimate, non-retaliatory reasons for the challenged employment actions: Plaintiff's poor performance, such as failure to perform credit card reconciliation for 2022 or 2023, failing to file stacks of papers for at least a year, and several other performance deficiencies noted prior to and during her maternity leave.

63.    All employment actions taken by Defendant toward Plaintiff were undertaken in good faith. To the extent Plaintiff establishes that an agent or employee of Defendant engaged in alleged unlawful conduct, such actions are contrary to Defendant's good faith efforts to comply with the law.

64.    To the extent Plaintiff has failed to make good faith, reasonable efforts to mitigate her damages, Plaintiff is not entitled to damages related to backpay or benefits. Defendant is entitled to an offset against any backpay and benefits damages assessed against it in the amount of the mitigation.

65.    Pursuant to any applicable statutory provisions, Rule of Procedure or common law, Defendant is entitled to its reasonable attorney's fees and costs

against Plaintiff because Plaintiff's claims are wholly without merit as known to Plaintiff prior to bringing this lawsuit.

*General Defenses to Count V*

66.    Plaintiff cannot establish a *prima facie* case of sex discrimination as she cannot show that she was treated less favorably than similarly situated male employees.

67.    Plaintiff cannot establish a *prima facie* case of sex discrimination as she cannot show that she was treated less favorably than similarly situated non-pregnant employees.

68.    Plaintiff cannot establish a *prima facie* case of sex discrimination as she cannot show Defendant failed to reasonably accommodate her pregnancy-related accommodation requests.

69.    Plaintiff cannot establish a *prima facie* case of sex discrimination as she cannot show that there was a causal connection between her protected class and the asserted adverse employment actions.

70.    Plaintiff cannot establish a *prima facie* case of sex discrimination as she cannot show her protected class was a motivating factor for any alleged discriminatory conduct by Defendant.

71.   To the extent Plaintiff can establish a *prima facie* case of sex discrimination, Plaintiff cannot show Defendant's legitimate, non-discriminatory reasons for the alleged employment action were a pretext for discrimination.

72.   To the extent she is seeking punitive damages, Plaintiff fails to state a claim for punitive damages because the allegations do not rise to the requisite standard for punitive damages under the FCRA as Defendant neither knew its actions would violate the statute, nor did Defendant engage in a discriminatory practice with malice or with reckless indifference to Plaintiff's protected rights.

73.   To the extent Plaintiff is seeking front pay, Plaintiff fails to state a claim for front pay because Plaintiff cannot establish egregious circumstances that would warrant an award of front pay.

*Affirmative Defenses to Count V*

74.   Without altering the applicable burdens of proof and production, to the extent Plaintiff is able to establish a *prima facie* case of sex discrimination, Defendant is able to produce one or more legitimate, non-discriminatory reasons for the termination of Plaintiff's employment: Plaintiff's poor performance such as failure to perform credit card reconciliation for 2022 or 2023, failing to file stacks

of papers for at least a year, and several other performance deficiencies noted prior to and during her maternity leave.

75.   All employment actions taken by Defendant toward Plaintiff were undertaken in good faith. To the extent Plaintiff establishes that an agent or employee of Defendant engaged in alleged unlawful conduct, such actions are contrary to Defendant's good faith efforts to comply with the law.

76.   To the extent Plaintiff has failed to make good faith, reasonable efforts to mitigate her damages, she is not entitled to damages related to backpay or benefits. Defendant is entitled to an offset against any backpay and benefits damages assessed against it in the amount of the mitigation.

77.   Pursuant to any applicable statutory provisions, Rule of Procedure or common law, Defendant is entitled to its reasonable attorney's fees and costs against Plaintiff because Plaintiff's claims are wholly without merit as known to Plaintiff prior to bringing this lawsuit.

78. Defendant reserves the right to amend, supplement, or assert additional general and affirmative defenses to all Counts as they become evident during litigation, up to and including the filing of any counterclaims if evidence so warrants.

WHEREFORE, Defendant, Firmo Construction, LLC, respectfully requests judgment be entered against Plaintiff, that Plaintiff's demand for damages, costs, fees, and other relief be denied, and that Defendant be awarded its reasonable attorney's fees and costs, and any other relief this Honorable Court deems just and proper.

Respectfully submitted this 8th day of July, 2024.

WILLIAMS PARKER HARRISON
DIETZ & GETZEN

/s/ Gail E. Farb
Gail E. Farb
*Lead Counsel*
Florida Bar No. 0619191
gfarb@williamsparker.com
50 Central Avenue
Eighth Floor
Sarasota, Florida  34236
Telephone:  941-366-4800
Facsimile:   941-954-3172

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of July, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will

send a notice of electronic filing to Plaintiff's Counsel: Kyle T. MacDonald at

kyle@dereksmithlaw.com.

> /s/ Gail E. Farb
> Gail E. Farb
> *Lead Counsel*
> Florida Bar No. 0619191
> gfarb@williamsparker.com
> WILLIAMS PARKER HARRISON
>  DIETZ & GETZEN
> 50 Central Avenue
> Eighth Floor
> Sarasota, Florida  34236
> Telephone:  941-366-4800
> Facsimile:  941-954-3172
>
> *Counsel for Defendant*

8558061.v2

-42-